Fuld, J. (dissenting).
The guiding principle is clear and undisputed. Disclosure of the informer’s identity is required in those cases “ where there is insufficient evidence, apart from the arresting officer’s testimony as to the informer’s communications, to establish probable cause.” (People v. Malinsky, 15 N Y 2d 86, 93-94; see, also, Roviaro v. United States, 353 U. S. 53, 61.) In the present case, as the opinion for the court points out (p. 273), “ apart from the detective’s story as to the informer, there is no more in this record than a showing that a known addict holding money in his hand and talking to the * * * . [defendant][1] quickly put the money away and left the scene when the detective approached.” Such a showing, in my .opinion, falls far short of establishing the requisite reasonable grounds for believing that the defendant was committing a crime in the police officer’s presence (Code Crim. Pro., § 177, subd. 1) and, accordingly, I would reverse the judgment of conviction and grant a new trial.
Judges Dye, Van Voorhis, Bubke, Scileppi and Bergan concur with Chief Judge Desmond; Judge Fuld dissents in a separate opinion.
Judgment affirmed.

. The opinion describes the defendant as a “suspected drug peddler”. The detective, however, had grounds for suspecting the defendant of illicit activities only as the result of the information furnished by the informer. Therefore, if the validity of the arrest and search turns on what the officer knew about the defendant, then, there were no circumstances amounting to probable cause-apart from the informer’s communications.